UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREEM X. McCRANEY, | ) ) ) |
| Petitioner, | ) ) Case: 1:16-cv-01124 (G Deck) |
| v. | ) Assigned To : Unassigned ) Assign. Date : 6/15/2016 |
| UNITED STATES OF AMERICA, | ) Description: Habeas Corpus/2241 ) |
| Respondent. | ) ) ) |

## MEMORANDUM OPINION

This matter is before the Court on petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus. The application will be granted and the petition will be dismissed.

Petitioner is serving a sentence of 35 years to life in prison on his conviction in the Superior Court of the District of Columbia of murder and related weapons offenses. He raises an ineffective assistance of trial counsel claim. Specifically, petitioner contends that counsel received an offer from the prosecution in October 1997 to discuss with him the possibility of disposing of the criminal case in lieu of a trial, yet failed to discuss the matter with him. His many challenges to his conviction have been unsuccessful, and he now asks this Court to entertain his claim.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized

by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," *id.* § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to [§] 23-110(a).").

Petitioner does not demonstrate that the remedy available to him under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his conviction and subsequent incarceration. His apparent lack of success on a prior collateral attacks on his conviction does not render his local remedy inadequate or ineffective. *See, e.g., Stewart v. United States*, No. CV 14-245, 2014 WL 667362, at *1 (D.D.C. Feb. 18, 2014). Petitioner has no recourse in this federal district court, and, therefore, the Court will deny the petition and dismiss this action. *See Watson v. Middlebrooks*, No. 09–1682, 2009 WL 3163067, at *2 (D.D.C. Sept. 28, 2009).

An Order accompanies this Memorandum Opinion.

DATE: 6/13/16

_____
United States District Judge